JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stephen Duczowski and Toni Duczowski, h/w

## DEFENDANTS

Norddeutsche Reederei, Norddeutsche Reederei H Schuldt GmbH & Co., KG, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp.

**(b)** County of Residence of First Listed Plaintiff   Camden County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   N/A, Hamburg Germany
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael O. Pansini, Esq., Pansini & Mezrow
15th Floor, 1525 Locust Street
Philadelphia, PA 19102 (215-732-5555

Attorneys *(If Known)*
Frank P. DeGiulio, Palmer Biezup & Henderson, LLP
190 N. Independence Mall West, Ste. 401
Philadelphia, PA 19106 (215-625-9900)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§1332, 1331
Brief description of cause:
Longshoreman's personal injury action following alleged accident on a vessel

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $   In excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE
DOCKET NUMBER

DATE   9/16/14
SIGNATURE OF ATTORNEY OF RECORD
/s/ Frank P. DeGiulio

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| STEPHEN DUCKOWSKI, et al | : | CIVIL ACTION |
| | : | |
| v. | : | |
| NORDDEUTSCHE REEDEREI, et al. | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )

| | | |
|---|---|---|
| _9/16/14_ | Frank DeGiulio | 41577 |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-625-9900 | 215-625-0185 | fpd@pbh.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

*UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

Stephen Duczowski, et al
_____
*Plaintiff*

Norddeutsche Reederei, et al
_____
*Defendant*

)
)
)
)     *Civil Action No.*
)
)

*CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE*

 *The following parties consent (subject to approval by the assigned Article III judicial officer) to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.*

| *Parties' Printed Names:* | *Signatures of Parties or Attorneys:* | *Dates:* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

*Reference Order*

 *IT IS ORDERED:  This case is referred to a United States magistrate judge* _____
*to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.*

_____
*District Judge's signature*

*Date:* _____

_____
*(Printed Name and Title)*

*Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.*
*Do not return this form to a judge.*

*(05/2013)*

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 7 Craig Drive, Laurel Springs, NJ 08021

Address of Defendant: Rolandsbruecke 4, Hamburg, 20095 Germany

Place of Accident, Incident or Transaction: Packer Avenue Marine Terminal, Philadelphia, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No ☒

*RELATED CASE, IF ANY:* **NONE**

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Longshore & Harbor Workers' Compensation Act, 33 U.S.C. §905(b)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Frank P. DeGiulio , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: 9/16/14        _____      41577
                              Attorney-at-Law             Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/16/14        _____      41577
                              Attorney-at-Law             Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN DUCZKOWSKI and        :
TONI DUCZKOWSKI, h/w,         :
        Plaintiffs,        :
        vs.         :        CIVIL ACTION
NORDDEUTSCHE REEDEREI, and    :
NORDDEUTSCHE REEDEREI H      :        No. _____
SCHULDT GMBH & CO., KG, and     :
DIABLO FORTUNE INCORPORATED, :
and SIVA SHIPS INTERNATIONAL,  :
and SIVA SHIPPING, and        :
STEALTH MARITIME CORP.      :
        Defendants        :

### NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Norddeutsche Reederei H. Schuldt GmbH & Co. KG., (improperly named in the Complaint as "Norddeutsche Reederei", which is not a legal entity) and by and through their undersigned attorneys, Palmer Biezup & Henderson LLP, respectfully aver as follows:

1.      Plaintiffs Stephen Duczkowski and Toni Duczkowski, husband and wife, filed a Complaint in the Court of Common Pleas for Philadelphia County, Pennsylvania, on or about August 25, 2014, under Docket Number 140802923, naming Norddeutsche Reederei and Norddeutsche Reederei H. Schuldt GmbH & Co. KG., among others, as defendants.   See Plaintiffs' Complaint attached hereto as Exhibit "A".

2.      Plaintiffs are citizens and residents of the State of New Jersey and reside at 7 Craig Drive, Laurel Springs, NJ 08021.  See Exhibit "A", ¶¶ 1-2.

3.      At all times material hereto, Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG (improperly named as "Norddeutsche Reederei" in the Complaint) was a foreign

corporation/entity organized and existing outside of the United States with a principal place of business and citizenship located in the Republic of Germany. See Complaint at ¶¶3-4.

4.      At all times material hereto, upon information and belief, Defendant Diablo Fortune Inc. (improperly named in the Complaint as "Diablo Fortune Incorporated) was a foreign corporation/entity organized and existing outside of the United States with principal places of business located in the Marshall Islands, and was a citizen of the Marshall Islands. See Complaint at ¶5 and Consent to Remove attached as Exhibit "D".

5.      At all times material hereto, upon information and belief, Defendant Siva Ships International Pte., Ltd. (improperly named in the Complaint as "Siva Ships International"), was a foreign corporation/entity organized and existing outside of the United States with principal places of business located in Singapore, and was a citizen of Singapore. See Complaint at ¶5 and Consent to Remove attached as Exhibit "D".

6.      At all times material hereto, upon information and belief, Defendant Siva Shipping was a foreign corporation/entity organized and existing outside of the United States with principal places of business located in Singapore, and was a citizen of Singapore. See Complaint at ¶5 and Consent to Remove attached as Exhibit "D".

7.      At all times material hereto, upon information and belief, Defendant Stealth Maritime Corp. was a foreign corporation/entity organized and existing outside of the United States with principal places of business located in the Greece, and was a citizen of Greece. See Complaint at ¶5 and Consent to Remove attached as Exhibit "D".

8.      Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG., received a copy of Plaintiffs' Complaint via certified mail in Hamburg, Germany, on or about August 29, 2014. (See copy of service letter stamped August 29, 2014, attached as Exhibit "B".) This was the

2

earliest date on which said Defendant received notice of the existence of the Complaint and the lawsuit against them.

9.       Plaintiffs allege that Stephen Duczkowski, an employee of stevedore Gloucester Terminals, was injured on or about March 13, 2013, while "using the gangway of the M/V Cap Irene." See Exhibit "A" at ¶¶ 12-14. Plaintiffs' allegations necessarily mean that Plaintiff Stephen Duczkowski claims to have been working as a longshoreman employee of stevedore Gloucester Terminals while aboard the M/V CAP IRENE, See Exhibit "A".

10.      Plaintiffs allege that at the time of the alleged accident, the subject vessel, M/V CAP IRENE, was located alongside in navigable waters of the United States while moored at the Packer Avenue Terminal, located in Philadelphia, Pennsylvania. See Exhibit "A" at ¶¶ 11.

11.      Plaintiffs allege in the Complaint that "Plaintiff Stephen Duczkowski suffered severe and permanent injuries to his head, neck, back, arms and legs; he also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of his head, neck, back, arms, elbows and legs; including but not limited to the traumatic brain injury, post traumatic headaches, concussion, cognitive deficits, fractures of nasal bones, septal fractures, anterior nasal spine fractures, rib fractures, hearing loss, eustachian tube dysfunction, vision dysfunction, hematuria, trauma to chest wall, depression, nervous shock and aggravation and/or exacerbation of all known and unknown preexisting medical conditions," as well as other internal injuries, metal anguish and anxiety, which Plaintiff alleges are permanent in nature. Plaintiff further alleges that he has been compelled to expend large sums of money for medical treatment and medicine, has been prevented from attending to his usual and daily duties, activities and occupation "all to his great financial detriment and loss." See Exhibit "A" at ¶¶ 15-18. Based on said allegations contained in Plaintiffs' Complaint, the amount in controversy

3

clearly exceeds the sum or value of $75,000. See *Harvey v. Liberty Mut. Grp., Inc.,* 13-CV-04693, 2014 WL 1244059 (E.D. Pa. Mar. 26, 2014, Joyner).

12.     Plaintiff Toni Duczkowski's claims, as set forth in the Complaint, are for expenses incurred "in the treatment of her spouses' injuries, and may in the future be caused to incur additional expenses as she has in the past" and "to her great damage and loss, has been deprived of the society, companionship, services and assistance of her spouse, to which she is legally entitled." See Complaint, Exhibit "A", at ¶¶ 26-27. Based on said allegations contained in Plaintiffs' Complaint, the amount in controversy clearly exceeds the sum or value of $75,000. See *Harvey v. Liberty Mut. Grp., Inc.,* 13-CV-04693, 2014 WL 1244059 (E.D. Pa. Mar. 26, 2014, Joyner)

13.     Plaintiff's lawsuit is removable pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) because there is diversity of citizenship between Plaintiffs and all Defendants, no Defendant properly joined and served is a citizen of Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.     Upon information and belief, Defendants Diablo Fortune Inc. (improperly named in the Complaint as "Diablo Fortune Incorporated), Siva Ships International Pte., Ltd. (improperly named in the Complaint as "Siva Ships International"), Siva Shipping and Stealth Maritime Corp. have not been properly served with the Summons and Complaint in this matter. No lawyers have entered an appearance for said Defendants in the action pending in the Philadelphia Court of Common Pleas. See the docket information obtained from the Philadelphia Court of Common Pleas attached as Exhibit "C" which confirms no attorneys have entered for Defendants Diablo Fortune Inc., (improperly named in the Complaint as "Diablo Fortune Incorporated), Siva Ships International Pte., Ltd. (improperly named in the Complaint as "Siva

Ships International"), Siva Shipping and Stealth Maritime Corp. in this matter and that no affidavits of service have been filed. However, while disputing that some or all of them are proper parties to this matter, these Defendants have consented to the removal of this action. See Consents to Remove attached as Exhibit "D".

15.     The sum in controversy, exclusive of interest and costs, exceeds $75,000 based on the injuries, losses and damages claimed by Plaintiffs in ¶¶ 15-18 and 27 of the Complaint. See Exhibit "A".

16.     Alternatively, a claim by a longshoreman like plaintiff Stephen Duczkowski for alleged personal injuries sustained while working aboard a vessel located within the navigable waters of the United States is within the admiralty or maritime jurisdiction of this Court, which has original jurisdiction over such a case as set forth in 28 U.S.C. § 1333(1).

17.     Plaintiffs' lawsuit is removable as provided by 28 U.S.C.§ 1441(a), inasmuch as this Court has original jurisdiction of any case of admiralty or maritime jurisdiction and no Act of Congress expressly prohibits removal of this lawsuit.

18.     Alternatively Plaintiffs' claims were necessarily brought pursuant and subject to the provisions and limitations of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. ("LHWCA") and, in particular, pursuant and subject to 33 U.S.C § 905(b), which provides a longshoreman's exclusive remedy against a vessel. Therefore, Plaintiffs' lawsuit is based on and subject to a claim or right arising under the laws of the United States and such claim or right is within the original jurisdiction conferred on the district courts of the United States by 28 U.S.C. § 1331.

19.     Plaintiffs' lawsuit is removable as provided by 28 U.S.C.§ 1441(a), inasmuch as this Court has original jurisdiction of a case based on and subject to a claim or right arising under

the laws of the United States (28 U.S.C. § 1331) and no Act of Congress expressly prohibits removal of this lawsuit.

20.     While not admitting that Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG. (improperly named in the Complaint as "Norddeutsche Reederei", an entity which does not exist) was properly served with the Complaint in this matter, or that this Defendant is a proper parties to this matter, said Defendant asserts that Removal is timely because this Notice of Removal is being filed within 30 days of August 29, 2014, the earliest date on which Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG received notice, but not service, of the Complaint.  See 28 U.S.C. § 1446(b).

21.     The Consent for Removal signed by or on behalf of Defendants Diablo Fortune Inc., (improperly named in the Complaint as "Diablo Fortune Incorporated), Siva Ships International Pte., Ltd. (improperly named in the Complaint as "Siva Ships International"), Siva Shipping and Stealth Maritime Corp. are attached to this Notice of Removal as Exhibit "D".

22.     Venue is properly laid in this district because Plaintiff alleges that the events giving rise to his claim occurred in this district, 28 U.S.C. § 1391(b), and this lawsuit is being removed from the Philadelphia Court of Common Pleas, which is located within the Eastern District of Pennsylvania.  28 U.S.C. § 1441(a).

23.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached hereto.  See Exhibit "E".

24.     Pursuant to 28 U.S.C. § 1446(d) Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG., (improperly named in the Complaint as "Norddeutsche Reederei", an entity which does not exist) will file a copy of this Notice of Removal with the Prothonotary's Office

for the Philadelphia Court of Common Pleas and will serve Plaintiff's counsel with a copy of the Notice of Removal and Notice filed in the State Court.

WHEREFORE, Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG., (improperly named in the Complaint as "Norddeutsche Reederei", an entity which does not exist), with the consent of the remaining existing Defendants, remove to this Honorable Court the action now pending in the Philadelphia Court of Common Pleas, under Docket Number 140802923.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By:   /s/ Frank P. DeGiulio
      Frank P. DeGiulio (#41577)
      Charles P. Neely (#69981)
      190 North Independence Mall West
      Suite 401
      Philadelphia, PA 19106
      (215) 625-9900
      fpd@pbh.com
      cneely@pbh.com
      Attorneys for Defendant
      Norddeutsche Reederei H. Schuldt
      GmbH & Co. KG.

Dated: September 16, 2014

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Removal was

served on September 16, 2014, by first-class mail, postage prepaid, addressed to:

Michael O. Pansini, Esq.
Pansini & Mezrow
15th Floor, 1525 Locust Street
Philadelphia, PA 19102

PALMER BIEZUP & HENDERSON LLP

By:     /s/ Frank P. DeGiulio
      Frank P. DeGiulio (#41577)
      Charles P. Neely (#69981)

8

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

*For Prothonotary Use Only (Docket Number)*

AUGUST 2011

Filing Number 1408045226

002923

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| STEPHEN DUCZKOWSKI | NORDDEUTSCHE REEDEREI |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 7 CRAIG DRIVE<br>LAUREL SPRINGS NJ 08021 | ROLANDSBRUECKE 4<br>HAMBURG 20095 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TONI DUCZKOWSKI | NORDDEUTSCHE REEDEREI H. SCHULDT GMBH & CO. KG |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 7 CRAIG DRIVE<br>LAUREL SPRINGS NJ 08021 | ROLANDSBRUECKE 4<br>HAMBURG 20095 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | DIABLO FORTUNE INCORPORATED |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | TRUST COMPANY COMPLEX AJELTAKE ROAD AJELTAKE<br>ISLAND<br>MAJURO  MH96960 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 6 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2O - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br><br>AUG 25 2014<br><br>**D. SAVAGE** | |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>STEPHEN DUCZKOWSKI , TONI DUCZKOWSKI</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL O. PANSINI | PANSINI & MEZROW<br>1525 LOCUST ST<br>15TH FLOOR |
| PHONE NUMBER          FAX NUMBER | PHILADELPHIA PA 19102 |
| (215)732-5555       (215)732-7872 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 44455 | MPansini@Pansinilaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MICHAEL PANSINI* | Monday, August 25, 2014, 10:08 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. STEALTH MARITIME CORP.
   331 KIFISIAS AVENUE
   KIFISIA  14561
2. SIVA SHIPPING
   PTE LTD 8 TEMASEK BLVD. #22-02 SUNTEC TOWER THREE
   SINGAPORE  038988
3. SIVA SHIPS INTERNATIONAL
   PTE LTD.  8 TEMASEK BLVD. #22-02 SUNTEC TOWER THREE
   SINGAPORE  038988
4. DIABLO FORTUNE INCORPORATED
   TRUST COMPANY COMPLEX AJELTAKE ROAD AJELTAKE ISLAND
   MAJURO  MH96960
5. NORDDEUTSCHE REEDEREI H. SCHULDT GMBH & CO. KG
   ROLANDSBRUECKE 4
   HAMBURG  20095
6. NORDDEUTSCHE REEDEREI
   ROLANDSBRUECKE 4
   HAMBURG  20095

PANSINI & MEZROW
BY: MICHAEL O. PANSINI, ESQUIRE
I.D. #44455
BY: GREGORY J. KOWALSKI, ESQUIRE
I.D. #54271
1525 LOCUST STREET
15TH FLOOR
PHILADELPHIA, PA 19102

THIS IS A MAJOR JURY TRIAL

*Filed and attested by
PROTHONOTARY
25 AUG 2014 11:40 am
JUDICIAL DISTRICT OF PENNSYLVANIA*

**Attorneys for Plaintiffs**

| | |
|---|---|
| STEPHEN  DUCZKOWSKI<br>        and<br>TONI DUCZKOWSKI, h/w<br>7 Craig Drive<br>Laurel Springs, NJ 08021 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | |
| NORDDEUTSCHE REEDEREI<br>Rolandsbruecke 4<br>Hamburg,  20095 Germany<br>        and<br>NORDDEUTSCHE REEDEREI H.<br>SCHULDT GMBH & CO. KG<br>Rolandsbruecke 4<br>Hamburg,  20095 Germany<br>        and<br>DIABLO FORTUNE INCORPORATED<br>Trust Company Complex<br>Ajeltake Road<br>Ajeltake Island, Majuro, MH96960,<br>Marshall Islands<br>        and<br>SIVA SHIPS INTERNATIONAL<br>Pte Ltd, 8 Temasek Blvd.<br># 22-02 Suntec Tower Three<br>Singapore – 038988<br>        and<br>SIVA SHIPPING<br>Pte Ltd, 8 Temasek Blvd.<br># 22-02 Suntec Tower Three<br>Singapore – 038988 | COMPLAINT AND JURY DEMAND<br><br>No.: |

(CONTINUED)

and
**STEALTH MARITIME CORP.**                    :
**331 Kifisias Ave.**                          :
**14561 Kifisia, Greece**                      :

---

## CIVIL ACTION COMPLAINT - NOTICE TO DEFEND
## 2O- OTHER PERSONAL INJURY

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICATION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Licencados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

Case ID: 14080292

PANSINI & MEZROW
BY: MICHAEL O. PANSINI, ESQUIRE
I.D. #44455
BY: GREGORY J. KOWALSKI, ESQUIRE
I.D. #54271
1525 LOCUST STREET
15TH FLOOR
PHILADELPHIA, PA 19102

**THIS IS A MAJOR JURY TRIAL**


**Attorneys for Plaintiffs**

| | |
|---|---|
| STEPHEN  DUCZKOWSKI : <br> and : <br> TONI DUCZKOWSKI, h/w : <br> 7 Craig Drive : <br> Laurel Springs, NJ 08021 : <br> : <br>    vs. : <br> : <br> NORDDEUTSCHE REEDEREI : <br> Rolandsbruecke 4 : <br> Hamburg,  20095 Germany : <br> and : <br> NORDDEUTSCHE REEDEREI H. : <br> SCHULDT GMBH & CO. KG : <br> Rolandsbruecke 4 : <br> Hamburg,  20095 Germany : <br> and : <br> DIABLO FORTUNE INCORPORATED : <br> Trust Company Complex : <br> Ajeltake Road : <br> Ajeltake Island, Majuro, MH96960, : <br> Marshall Islands : <br> and : <br> SIVA SHIPS INTERNATIONAL : <br> Pte Ltd, 8 Temasek Blvd. : <br> # 22-02 Suntec Tower Three : <br> Singapore – 038988 : <br> and : <br> SIVA SHIPPING : <br> Pte Ltd, 8 Temasek Blvd. : <br> # 22-02 Suntec Tower Three : <br> Singapore – 038988 : | **COURT OF COMMON PLEAS** <br> **PHILADELPHIA COUNTY** <br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT AND JURY DEMAND** <br><br><br><br> **No.:** |

(CONTINUED)

Case ID: 1408029²

```
        and                              :
        STEALTH MARITIME CORP.           :
        331 Kifisias Ave.                :
        14561 Kifisia, Greece            :
```

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Stephen Duczkowski, is an adult individual residing at 7 Craig Drive, Laurel Springs, NJ 08021.

2.      Plaintiff, Toni Duczkowski, is an adult individual residing at 7 Craig Drive, Laurel Springs, NJ 08021.

3.      Defendant, Norddeutsche Reederei, is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at Rolandsbruecke 4, Hamburg, 20095 Germany.

4.      Defendant, Norddeutsche Reederei H. Schuldt GmbH & Co. KG, is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at Rolandsbruecke 4, Hamburg, 20095 Germany.

5.      Defendant, Diablo Fortune Incorporated, is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, MH96960, Marshall Islands.

6.      Defendant, Siva Ships International, is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at Pte Ltd, 8 Temasek Blvd, # 22-02 Suntec Tower Three, Singapore – 038988.

7.      Defendant, Siva Shipping, is a business entity believed to be organized and

existing under the laws of a foreign jurisdiction, with its primary place of business located at Pte Ltd, 8 Temasek Blvd, # 22-02 Suntec Tower Three, Singapore – 038988.

8.  Defendant, Stealth Maritime Corp., is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at SEA, 331 Kifisias Ave., 14561, Kifisia, Greece.

9.  At all times material hereto, Defendants, Norddeutsche Reederei and Norddeutsche Reederei H. Schuldt GmbH & Co. KG, owned, managed, operated, chartered, possessed, and/or controlled the M/V Cap Irene and acted by and through their employees, servants and/or agents who were in the course and scope of their employment, including but not limited to the crew of the M/V Cap Irene.

10.  At all times material hereto, Defendants, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp., owned, managed, operated, chartered, possessed, and/or controlled the M/V V8 Stealth II and acted by and through their employees, servants and/or agents who were in the course and scope of their employment, including but not limited to the crew of the M/V V8 Stealth II.

11.  On or about March 13, 2013, the M/V Cap Irene was in navigable waters of the United States and moored at the Packer Avenue Terminal in Philadelphia, PA.

12.  On or about March 13, 2013, and at all times mentioned herein, Plaintiff, Stephen Duczkowski, was an employee of Greenwich Terminals in the capacity of a longshoremen and was aboard the M/V Cap Irene as a business visitor in connection with the performance of cargo operations being conducted thereon.

13.  On or about March 13, 2013, and at all times mentioned herein, the M/V V8 Stealth II was in navigable waters moving adjacent to the Packer Avenue Terminal in

Philadelphia, PA at a high rate of speed.

14.     On or about March 13, 2013, Plaintiff, Stephen Duczkowski, while working in the course of performing his duties as aforesaid, was caused to sustain serious injuries while using the gangway of the M/V Cap Irene due to the carelessness and negligence of the Defendants, Norddeutsche Reederei, Norddeutsche Reederei H. Schuldt GmbH & Co. KG, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp, by their agents, servants, workmen and employees.

15.     By reason of the aforesaid negligence of the Defendants as hereinafter alleged, the Plaintiff, Stephen Duczkowski, suffered severe and permanent injuries to his head, neck, back, arms and legs; he also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of his head, neck, back, arms, elbows and legs; including but not limited to injuries to the traumatic brain injury, post traumatic headaches, concussion, cognitive deficits, fractures of nasal bones, septal fractures, anterior nasal spine fractures, rib fractures, hearing loss, eustachian tube dysfunction, vision dysfunction, hematuria, trauma to chest wall, depression, nervous shock and aggravation and/or exacerbation of all known and unknown preexisting medical conditions. The Plaintiff, Stephen Duczkowski, suffered internal injuries of an unknown nature; he suffered severe aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system, and other injuries the full extent of which are not yet known. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss. The Plaintiff, Stephen Duczkowski, believes and therefore avers that his injuries are permanent in nature.

6

16. As a result of the aforesaid occurrence, the Plaintiff, Stephen Duczkowski, has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

17. As a result of the aforesaid occurrence, the Plaintiff, Stephen Duczkowski, has been prevented from attending to his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to him great detriment and loss.

18. As a result of the aforesaid occurrence, the Plaintiff, Stephen Duczkowski, has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

**COUNT I**
**STEPHEN DUCZKOWSKI v. DEFENDANTS, NORDDEUTSCHE REEDEREI AND
NORDDEUTSCHE REEDEREI H. SCHULDT GMBH & CO. KG**

19. Plaintiff, Stephen Duczkowski, hereby incorporates each of the averments contained in the previous averments in Plaintiffs' Complaint as if fully set forth herein at length.

20. The carelessness and negligence of the Defendants, Norddeutsche Reederei and Norddeutsche Reederei H. Schuldt GmbH & Co. KG, by and through its agents, servants, workmen and/or employees, consisted of the following:

    (a) failing to properly inspect the gangway and adjacent areas;

    (b) failing to warn invitees, such as Stephen Duczkowski of the defective and/or hazardous condition(s) concerning the gangway and adjacent areas of which it was aware or should have been aware;

7

(c)   failing to correct, remedy, repair and/or eliminate the defective and/or hazardous condition(s) of the gangway and adjacent areas of which it was aware or should have been aware;

(d)   failing to maintain the gangway and adjacent areas in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling;

(e)   allowing and committing the aforesaid defect(s) to remain on or about the gangway and adjacent areas so as to constitute a menace, danger, nuisance, trap and/or hazard to persons lawfully upon the premises; and,

(f)   failing to properly affix said gangway.

21.   Defendants, Norddeutsche Reederei and Norddeutsche Reederei H. Schuldt GmbH & Co. KG's negligence and conduct as described herein was a proximate cause of Plaintiff, Stephen Duczkowski's injuries.

**WHEREFORE,** Plaintiff, Stephen Duczkowski, demands judgment in his favor and against the Defendants, individually, jointly and severally, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus delay damages, interest and costs and brings this action to recover same.

**COUNT II**
**STEPHEN DUCZKOWSKI v. DEFENDANTS,**
**DIABLO FORTUNE INCORPORATED, SIVA SHIPS INTERNATIONAL, SIVA**
**SHIPPING AND STEALTH MARITIME CORP.**

22.   Plaintiff, Stephen Duczkowski, hereby incorporates each of the averments contained in the previous averments in Plaintiffs' Complaint as if fully set forth herein at

8

length.

23.     The carelessness and negligence of the Defendant, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp, by and through its agents, servants, workmen and/or employees,  consisted of the following:

        (a)     operating the V8 Stealth II at an excessive speed;

        (b)     operating the V8 Stealth II so as to create a large wake;

        (c)     failing to properly train their crew in safe operation of the V. Stealth II;

        (d)     failing to properly control and maintain the  V8 Stealth II.

24.     Defendants, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp's negligence and conduct as described herein was the proximate cause of  Plaintiff, Stephen Duczkowski's injuries.

**WHEREFORE,** Plaintiff, Stephen Duczkowski, demands judgment in his  favor and against the Defendants, individually, jointly and severally, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS  plus delay damages, interest and costs and brings this action to recover same.

**COUNT III**
**TONI  DUCZKOWSKI vs. ALL  DEFENDANTS**

25.     Plaintiff, Toni  Duczkowski, hereby incorporates each of the allegations contained in the previous averments in Plaintiffs' Complaint as if fully set forth herein at length.

26.     Plaintiff, Toni Duczkowski, is the spouse of Stephen Duczkowski, and as such, has incurred expenses in the treatment of her spouse's injuries, and may in the

9

future be caused to incur additional expenses as she has in the past.

27.    As a result of the occurrence aforesaid in the injuries averred aforesaid, the

Plaintiff, Toni Duczkowski, to her great damage and loss, has been deprived of the society,

companionship, services and assistance of her spouse, to which she is legally entitled.

**WHEREFORE,** Plaintiff, Toni  Duczkowski, demands judgment in her favor and

against the Defendants, individually, jointly and severally, for a sum in excess of FIFTY

THOUSAND ($50,000.00) DOLLARS plus delay damages, interest and costs and brings

this action to recover same.

**PANSINI & MEZROW**

**DATE: 8/25/14**               **BY:**      **/s/ Michael O. Pansini**
                                             **MICHAEL O. PANSINI, ESQUIRE**
                                             **Attorney for Plaintiffs**

COMMONWEALTH OF PENNSYLVANIA            :
                                                        SS
COUNTY OF PHILADELPHIA                   :


     Stephen Duczkowski, being duly sworn according to law, deposes and says that

he is the Plaintiff in the foregoing action, and that the facts set forth in the Civil Action

Complaint are true and correct to the best of her knowledge, information and belief. I

understand that statements herein are made subject to the penalties of 18 Pa.C.S.A.

§4904 relating to unsworn falsification to authorities.


DATE: 8-22-14

Case ID: 14080292

**EXHIBIT "B"**

# PANSINI & MEZROW
### ATTORNEYS AT LAW
15TH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102

MICHAEL O. PANSINI*
STEVEN M. MEZROW**
GREGORY J. KOWALSKI
ADAM C. DAVIS**

(215) 732-5555
(215) 732-5550

FAX (215) 732-7872

*ALSO MEMBER OF NJ, NY & DC BARS
**ALSO MEMBER OF NJ BAR



August 25, 2014

**VIA CERTIFIED MAIL AND REGULAR MAIL**
Norddeutsche Reederei H. Schuldt GMBH & Co. KG
Rolandsbruecke 4
Hamburg, 20095 Germany

> **RE:  Stephen Duczkowski and Toni Duczkowski v. Norddeutsche Reederei, Norddeutsche Reederei H. Schuldt GMBH & Co. KG, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp.**
> **Phila.C.C.P. August Term, 2014, No. 02923**

Dear Sir/Madam:

Attached please find a copy of a Complaint filed against you with the Philadelphia County Court of Common Pleas in the above-captioned matter. You have twenty (20) days from the date of service to answer this Complaint. If you do not answer the Complaint, a default judgment may be entered against you.

Very truly yours,

PANSINI & MEZROW

Michael Pansini /S/

MICHAEL O. PANSINI

MOP/kas
Enclosure

# EXHIBIT "C"





No Items in Cart   **LOGIN**

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 140802923 |
| **Case Caption:** | DUCZKOWSKI ETAL VS NORDDEUTSCHE REEDEREI ETAL |
| **Filing Date:** | Monday , August 25th, 2014 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PERSONAL INJURY - OTHER |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | PANSINI, MICHAEL O |
| **Address:** PANSINI & MEZROW 1525 LOCUST ST 15TH FLOOR PHILADELPHIA PA 19102 (215)732-5555 | | **Aliases:** *none* | | |
| | | | | |
| 2 | 1 | | PLAINTIFF | DUCZKOWSKI, STEPHEN |
| **Address:** 7 CRAIG DRIVE | | **Aliases:** *none* | | |

|   |   |   | | LAUREL SPRINGS NJ 08021 | |
|---|---|---|---|---|---|

| 3 | 1 | | PLAINTIFF | DUCZKOWSKI, TONI |
|---|---|---|---|---|
| **Address:** | 7 CRAIG DRIVE LAUREL SPRINGS NJ 08021 | **Aliases:** | *none* |

| 4 | | | DEFENDANT | NORDDEUTSCHE REEDEREI |
|---|---|---|---|---|
| **Address:** | ROLANDSBRUECKE 4 HAMBURG 20095 | **Aliases:** | *none* |

| 5 | | | DEFENDANT | NORDDEUTSCHE REEDEREI H. SCHULDT GMBH & CO. KG |
|---|---|---|---|---|
| **Address:** | ROLANDSBRUECKE 4 HAMBURG 20095 | **Aliases:** | *none* |

| 6 | | | DEFENDANT | DIABLO FORTUNE INCORPORATED |
|---|---|---|---|---|
| **Address:** | TRUST COMPANY COMPLEX AJELTAKE ROAD AJELTAKE ISLAND MAJURO MH96960 | **Aliases:** | *none* |

| 7 | | | DEFENDANT | SIVA SHIPS INTERNATIONAL |
|---|---|---|---|---|
| **Address:** | PTE LTD. 8 TEMASEK BLVD. #22-02 SUNTEC TOWER THREE SINGAPORE 038988 | **Aliases:** | *none* |

| 8 | | | DEFENDANT | SIVA SHIPPING |
|---|---|---|---|---|

| Address: | PTE LTD<br>8 TEMASEK BLVD.<br>#22-02 SUNTEC<br>TOWER THREE<br>SINGAPORE 038988 | Aliases: | none | |
|---|---|---|---|---|
| | | | | |
| 9 | | | DEFENDANT | STEALTH MARITIME CORP. |
| Address: | 331 KIFISIAS AVENUE<br><br>KIFISIA 14561 | Aliases: | none | |
| | | | | |
| 10 | | | TEAM LEADER | RAU, LISA M |
| Address: | ROOM 593 CITY HALL<br><br>PHILADELPHIA PA 19107<br>(215)686-3768 | Aliases: | none | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 25-AUG-2014 10:08 AM | ACTIVE CASE | | | 25-AUG-2014 10:15 AM |
| **Docket Entry:** | E-Filing Number: 1408045226 | | | |
| | | | | |
| 25-AUG-2014 10:08 AM | COMMENCEMENT CIVIL ACTION JURY | PANSINI, MICHAEL O | | 25-AUG-2014 10:15 AM |
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>Final Cover | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | none. | | | |
| | | | | |
| 25-AUG-2014 10:08 AM | COMPLAINT FILED NOTICE GIVEN | PANSINI, MICHAEL O | | 25-AUG-2014 10:15 AM |
| | | | | |

| Documents: | ✎ Click link(s) to preview/purchase the documents<br>Complaint.pdf | | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** |
|---|---|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 25-AUG-2014<br>10:08 AM | SHERIFF'S<br>SURCHARGE 6 DEFTS | PANSINI,<br>MICHAEL O | 25-AUG-2014<br>10:15 AM |
| **Docket Entry:** | none. | | |
| | | | |
| 25-AUG-2014<br>10:08 AM | JURY TRIAL<br>PERFECTED | PANSINI,<br>MICHAEL O | 25-AUG-2014<br>10:15 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 25-AUG-2014<br>10:08 AM | WAITING TO LIST CASE<br>MGMT CONF | PANSINI,<br>MICHAEL O | 25-AUG-2014<br>10:15 AM |
| **Docket Entry:** | none. | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home

# EXHIBIT "D"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DUCZKOWSKI and | : |
| TONI DUCZKOWSKI, h/w, | : |
| Plaintiffs, | : |
| vs. | : CIVIL ACTION |
| NORDDEUTSCHE REEDEREI, and | : |
| NORDDEUTSCHE REEDEREI H | : No. _____ |
| SCHULDT GMBH & CO., KG, and | : |
| DIABLO FORTUNE INCORPORATED, | : |
| and SIVA SHIPS INTERNATIONAL, | : |
| and SIVA SHIPPING, and | : |
| STEALTH MARITIME CORP. | : |
| Defendants | : |

## CONSENT/JOINDER TO REMOVAL

Diablo Fortune Inc., (improperly named in the Complaint as "Diablo Fortune

Incorporated) a Co-Defendant in this action, consents/joins in the Notice of Removal by

Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG., (improperly named in the

Complaint as "Norddeutsche Reederei", an entity which does not exist) to which this

Consent/Joinder is attached.

Respectfully submitted,

RAWLE & HENDERSON, LLP

By: _____
Earl D. Buchholz, III, Esq.
Attorneys for Defendant
Diablo Fortune Inc.

Dated: September 16, 2014

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN DUCZKOWSKI and | : |
| TONI DUCZKOWSKI, h/w, | : |
|      Plaintiffs, | : |
|      vs. | :   CIVIL ACTION |
| NORDDEUTSCHE REEDEREI, and | : |
| NORDDEUTSCHE REEDEREI H | :   No. _____ |
| SCHULDT GMBH & CO., KG, and | : |
| DIABLO FORTUNE INCORPORATED, | : |
| and SIVA SHIPS INTERNATIONAL, | : |
| and SIVA SHIPPING, and | : |
| STEALTH MARITIME CORP. | : |
|      Defendants | : |

## CONSENT/JOINDER TO REMOVAL

Siva Ships International Pte., Ltd. (improperly named in the Complaint as "Siva Ships

International"), a Co-Defendant in this action, consents/joins in the Notice of Removal by

Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG., (improperly named in the

Complaint as "Norddeutsche Reederei", an entity which does not exist) to which this

Consent/Joinder is attached.

Respectfully submitted,

RAWLE & HENDERSON, LLP

By: _____
    Carl D. Buchholz, III, Esq.
    Attorneys for Defendant
    Siva Ships International Pte. Ltd.

Dated: September 16, 2014

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DUCZKOWSKI and | : |
| TONI DUCZKOWSKI, h/w, | : |
| Plaintiffs, | : |
| vs. | : CIVIL ACTION |
| NORDDEUTSCHE REEDEREI, and | : |
| NORDDEUTSCHE REEDEREI H | : No. _____ |
| SCHULDT GMBH & CO., KG, and | : |
| DIABLO FORTUNE INCORPORATED, | : |
| and SIVA SHIPS INTERNATIONAL, | : |
| and SIVA SHIPPING, and | : |
| STEALTH MARITIME CORP. | : |
| Defendants | : |

### CONSENT/JOINDER TO REMOVAL

Siva Shipping, a Co-Defendant in this action, consents/joins in the Notice of Removal by

Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG., (improperly named in the

Complaint as "Norddeutsche Reederei", an entity which does not exist) to which this

Consent/Joinder is attached.

Respectfully submitted,

RAWLE & HENDERSON, LLP

By: _____

Carl D. Buchholz, III, Esq.
Attorneys for Defendant
Siva Shipping

Dated: September 16, 2014

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DUCZKOWSKI and | : |
| TONI DUCZKOWSKI, h/w, | : |
| Plaintiffs, | : |
| vs. | : CIVIL ACTION |
| NORDDEUTSCHE REEDEREI, and | : |
| NORDDEUTSCHE REEDEREI H | : No. _____ |
| SCHULDT GMBH & CO., KG, and | : |
| DIABLO FORTUNE INCORPORATED, | : |
| and SIVA SHIPS INTERNATIONAL, | : |
| and SIVA SHIPPING, and | : |
| STEALTH MARITIME CORP. | : |
| Defendants | : |

## CONSENT/JOINDER TO REMOVAL

Stealth Maritime Corp., a Co-Defendant in this action, consents/joins in the Notice of

Removal by Defendant Norddeutsche Reederei H. Schuldt GmbH & Co. KG., (improperly

named in the Complaint as "Norddeutsche Reederei", an entity which does not exist) to which

this Consent/Joinder is attached.

Respectfully submitted,

RAWLE & HENDERSON, LLP

By: _____

Carl D. Buchholz, III, Esq.
Attorneys for Defendant
Stealth Maritime Corp.

Dated: September 16, 2014

EXHIBIT "E"

# PANSINI & MEZROW

### ATTORNEYS AT LAW

15TH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102

MICHAEL O. PANSINI*
STEVEN M. MEZROW**
GREGORY J. KOWALSKI
ADAM C. DAVIS**

(215) 732-5555
(215) 732-5550

FAX (215) 732-7872

*ALSO MEMBER OF NJ, NY & DC BARS
**ALSO MEMBER OF NJ BAR

August 25, 2014

**VIA CERTIFIED MAIL AND REGULAR MAIL**
Norddeutsche Reederei H. Schuldt GMBH & Co. KG
Rolandsbruecke 4
Hamburg, 20095 Germany

RE:   **Stephen Duczkowski and Toni Duczkowski v. Norddeutsche Reederei, Norddeutsche Reederei H. Schuldt GMBH & Co. KG, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp.**
**Phila.C.C.P. August Term, 2014, No. 02923**

Dear Sir/Madam:

Attached please find a copy of a Complaint filed against you with the Philadelphia County Court of Common Pleas in the above-captioned matter. You have twenty (20) days from the date of service to answer this Complaint. If you do not answer the Complaint, a default judgment may be entered against you.

Very truly yours,

PANSINI & MEZROW

Michael Pansini /S/

MICHAEL O. PANSINI

MOP/kas
Enclosure

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2014**

E-Filing Number: 1408045226

**002923**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| STEPHEN DUCZKOWSKI | NORDDEUTSCHE REEDEREI |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 7 CRAIG DRIVE LAUREL SPRINGS NJ 08021 | ROLANDSBRUECKE 4 HAMBURG  20095 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TONI DUCZKOWSKI | NORDDEUTSCHE REEDEREI H. SCHULDT GMBH & CO. KG |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 7 CRAIG DRIVE LAUREL SPRINGS NJ 08021 | ROLANDSBRUECKE 4 HAMBURG  20095 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | DIABLO FORTUNE INCORPORATED |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | TRUST COMPANY COMPLEX AJELTAKE ROAD AJELTAKE ISLAND MAJURO  MH96960 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 6 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less [X] More than $50,000.00 | [ ] Arbitration [X] Jury [ ] Non-Jury [ ] Other: | [ ] Mass Tort [ ] Savings Action [ ] Petition | [ ] Commerce [ ] Minor Court Appeal [ ] Statutory Appeals | [ ] Settlement [ ] Minors [ ] W/D/Survival |

**CASE TYPE AND CODE**

2O - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| **FILED PRO PROTHY** AUG 25 2014 D. SAVAGE | | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: STEPHEN DUCZKOWSKI , TONI DUCZKOWSKI

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL O. PANSINI | PANSINI & MEZROW 1525 LOCUST ST 15TH FLOOR PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |  |
|---|---|---|
| (215)732-5555 | (215)732-7872 |  |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 44455 | MPansini@Pansinilaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MICHAEL PANSINI | Monday, August 25, 2014, 10:08 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. STEALTH MARITIME CORP.
   331 KIFISIAS AVENUE
   KIFISIA  14561
2. SIVA SHIPPING
   PTE LTD 8 TEMASEK BLVD. #22-02 SUNTEC TOWER THREE
   SINGAPORE  038988
3. SIVA SHIPS INTERNATIONAL
   PTE LTD.  8 TEMASEK BLVD. #22-02 SUNTEC TOWER THREE
   SINGAPORE  038988
4. DIABLO FORTUNE INCORPORATED
   TRUST COMPANY COMPLEX AJELTAKE ROAD AJELTAKE ISLAND
   MAJURO  MH96960
5. NORDDEUTSCHE REEDEREI H. SCHULDT GMBH & CO. KG
   ROLANDSBRUECKE 4
   HAMBURG  20095
6. NORDDEUTSCHE REEDEREI
   ROLANDSBRUECKE 4
   HAMBURG  20095

PANSINI & MEZROW
BY: MICHAEL O. PANSINI, ESQUIRE
I.D. #44455
BY: GREGORY J. KOWALSKI, ESQUIRE
I.D. #54271
1525 LOCUST STREET
15TH FLOOR
PHILADELPHIA, PA 19102

THIS IS A MAJOR JURY TRIAL

*Filed and attested by
PROTHONOTARY
25 AUG 2014 10:08 am
B. SAYLOR
JUDICIAL DISTRICT OF PENNA.*

**Attorneys for Plaintiffs**

| | | |
|---|---|---|
| STEPHEN  DUCZKOWSKI | : | |
| and | : | COURT OF COMMON PLEAS |
| TONI DUCZKOWSKI, h/w | : | PHILADELPHIA COUNTY |
| 7 Craig Drive | : | |
| Laurel Springs, NJ 08021 | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| NORDDEUTSCHE REEDEREI | : | |
| Rolandsbruecke 4 | : | |
| Hamburg,  20095 Germany | : | |
| and | : | |
| NORDDEUTSCHE REEDEREI H. | : | |
| SCHULDT GMBH & CO. KG | : | |
| Rolandsbruecke 4 | : | |
| Hamburg,  20095 Germany | : | **COMPLAINT AND JURY DEMAND** |
| and | : | |
| DIABLO FORTUNE INCORPORATED | : | |
| Trust Company Complex | : | |
| Ajeltake Road | : | |
| Ajeltake Island, Majuro, MH96960, | : | |
| Marshall Islands | : | **No.:** |
| and | : | |
| SIVA SHIPS INTERNATIONAL | : | |
| Pte Ltd, 8 Temasek Blvd. | : | |
| # 22-02 Suntec Tower Three | : | |
| Singapore – 038988 | : | |
| and | : | |
| SIVA SHIPPING | : | |
| Pte Ltd, 8 Temasek Blvd. | : | |
| # 22-02 Suntec Tower Three | : | |
| Singapore – 038988 | : | |

(CONTINUED)

|  |  |
|---|---|
| **and** | : |
| **STEALTH MARITIME CORP.** | : |
| **331 Kifisias Ave.** | : |
| **14561 Kifisia, Greece** | : |

## CIVIL ACTION COMPLAINT - NOTICE TO DEFEND
## 2O- OTHER PERSONAL INJURY

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

*Philadelphia Bar Association*
*Lawyer Referral and Information Service*
*One Reading Center*
*Philadelphia, Pennsylvania 19107*
*(215) 238-1701*

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICATION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

*Asociacion de Licenciados de Filadelphia*
*Servicio de Referencia e Informacion Legal*
*One Reading Center*
*Filadelfia, Pennsylvania 19107*
*(215) 238-1701*

Case ID: 14080292

PANSINI & MEZROW                                    THIS IS A MAJOR JURY TRIAL
BY: MICHAEL O. PANSINI, ESQUIRE
I.D. #44455
BY: GREGORY J. KOWALSKI, ESQUIRE
I.D. #54271
1525 LOCUST STREET
15TH FLOOR
PHILADELPHIA, PA 19102                             **Attorneys for Plaintiffs**

---

| | | |
|---|---|---|
| STEPHEN  DUCZKOWSKI | : | COURT OF COMMON PLEAS |
| and | : | PHILADELPHIA COUNTY |
| TONI DUCZKOWSKI, h/w | : | |
| 7 Craig Drive | : | |
| Laurel Springs, NJ 08021 | : | |
| | : | |
| vs. | : | |
| | : | |
| NORDDEUTSCHE REEDEREI | : | |
| Rolandsbruecke 4 | : | |
| Hamburg,  20095 Germany | : | |
| and | : | |
| NORDDEUTSCHE REEDEREI H. | : | |
| SCHULDT GMBH & CO. KG | : | |
| Rolandsbruecke 4 | : | |
| Hamburg,  20095 Germany | : | COMPLAINT AND JURY DEMAND |
| and | : | |
| DIABLO FORTUNE INCORPORATED | : | |
| Trust Company Complex | : | |
| Ajeltake Road | : | |
| Ajeltake Island, Majuro, MH96960, | : | |
| Marshall Islands | : | No.: |
| and | : | |
| SIVA SHIPS INTERNATIONAL | : | |
| Pte Ltd, 8 Temasek Blvd. | : | |
| # 22-02 Suntec Tower Three | : | |
| Singapore – 038988 | : | |
| and | : | |
| SIVA SHIPPING | : | |
| Pte Ltd, 8 Temasek Blvd. | : | |
| # 22-02 Suntec Tower Three | : | |
| Singapore – 038988 | : | |

(CONTINUED)

|                               |   |
|-------------------------------|---|
| and                           | : |
| **STEALTH MARITIME CORP.**    | : |
| **331 Kifisias Ave.**         | : |
| **14561 Kifisia, Greece**     | : |

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Stephen Duczkowski, is an adult individual residing at 7 Craig Drive, Laurel Springs, NJ 08021.

2.      Plaintiff, Toni Duczkowski, is an adult individual residing at 7 Craig Drive, Laurel Springs, NJ 08021.

3.      Defendant, Norddeutsche Reederei, is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at Rolandsbruecke 4, Hamburg, 20095 Germany.

4.      Defendant, Norddeutsche Reederei H. Schuldt GmbH & Co. KG, is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at Rolandsbruecke 4, Hamburg, 20095 Germany.

5.      Defendant, Diablo Fortune Incorporated, is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, MH96960, Marshall Islands.

6.      Defendant, Siva Ships International, is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at Pte Ltd, 8 Temasek Blvd, # 22-02 Suntec Tower Three, Singapore – 038988.

7.      Defendant, Siva Shipping, is a business entity believed to be organized and

existing under the laws of a foreign jurisdiction, with its primary place of business located at Pte Ltd, 8 Temasek Blvd, # 22-02 Suntec Tower Three, Singapore – 038988.

8. Defendant, Stealth Maritime Corp., is a business entity believed to be organized and existing under the laws of a foreign jurisdiction, with its primary place of business located at SEA, 331 Kifisias Ave., 14561, Kifisia, Greece.

9. At all times material hereto, Defendants, Norddeutsche Reederei and Norddeutsche Reederei H. Schuldt GmbH & Co. KG, owned, managed, operated, chartered, possessed, and/or controlled the M/V Cap Irene and acted by and through their employees, servants and/or agents who were in the course and scope of their employment, including but not limited to the crew of the M/V Cap Irene.

10. At all times material hereto, Defendants, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp., owned, managed, operated, chartered, possessed, and/or controlled the M/V V8 Stealth II and acted by and through their employees, servants and/or agents who were in the course and scope of their employment, including but not limited to the crew of the M/V V8 Stealth II.

11. On or about March 13, 2013, the M/V Cap Irene was in navigable waters of the United States and moored at the Packer Avenue Terminal in Philadelphia, PA.

12. On or about March 13, 2013, and at all times mentioned herein, Plaintiff, Stephen Duczkowski, was an employee of Greenwich Terminals in the capacity of a longshoremen and was aboard the M/V Cap Irene as a business visitor in connection with the performance of cargo operations being conducted thereon.

13. On or about March 13, 2013, and at all times mentioned herein, the M/V V8 Stealth II was in navigable waters moving adjacent to the Packer Avenue Terminal in

Philadelphia, PA at a high rate of speed.

14.    On or about March 13, 2013, Plaintiff, Stephen Duczkowski, while working in the course of performing his duties as aforesaid, was caused to sustain serious injuries while using the gangway of the M/V Cap Irene due to the carelessness and negligence of the Defendants, Norddeutsche Reederei, Norddeutsche Reederei H. Schuldt GmbH & Co. KG, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp, by their agents, servants, workmen and employees.

15.    By reason of the aforesaid negligence of the Defendants as hereinafter alleged, the Plaintiff, Stephen Duczkowski, suffered severe and permanent injuries to his head, neck, back, arms and legs; he also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of his head, neck, back, arms, elbows and legs; including but not limited to injuries to the traumatic brain injury, post traumatic headaches, concussion, cognitive deficits, fractures of nasal bones, septal fractures, anterior nasal spine fractures, rib fractures, hearing loss, eustachian tube dysfunction, vision dysfunction, hematuria, trauma to chest wall, depression, nervous shock and aggravation and/or exacerbation of all known and unknown preexisting medical conditions. The Plaintiff, Stephen Duczkowski, suffered internal injuries of an unknown nature; he suffered severe aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system, and other injuries the full extent of which are not yet known. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss. The Plaintiff, Stephen Duczkowski, believes and therefore avers that his injuries are permanent in nature.

6

16.    As a result of the aforesaid occurrence, the Plaintiff, Stephen Duczkowski, has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

17.    As a result of the aforesaid occurrence, the Plaintiff, Stephen Duczkowski, has been prevented from attending to his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to him great detriment and loss.

18.    As a result of the aforesaid occurrence, the Plaintiff, Stephen Duczkowski, has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

### COUNT I
### STEPHEN DUCZKOWSKI v. DEFENDANTS, NORDDEUTSCHE REEDEREI AND NORDDEUTSCHE REEDEREI H. SCHULDT GMBH & CO. KG

19.    Plaintiff, Stephen Duczkowski, hereby incorporates each of the averments contained in the previous averments in Plaintiffs' Complaint as if fully set forth herein at length.

20.    The carelessness and negligence of the Defendants, Norddeutsche Reederei and Norddeutsche Reederei H. Schuldt GmbH & Co. KG, by and through its agents, servants, workmen and/or employees,  consisted of the following:

(a)    failing to properly inspect the gangway and adjacent areas;

(b)    failing to warn invitees, such as Stephen Duczkowski of the defective and/or hazardous condition(s) concerning the gangway and adjacent areas of which it was aware or should have been aware;

7

Case ID: 14080292

(c)     failing to correct, remedy, repair and/or eliminate the defective and/or hazardous condition(s) of the gangway and adjacent areas of which it was aware or should have been aware;

(d)     failing to maintain the gangway and adjacent areas in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling;

(e)     allowing and committing the aforesaid defect(s) to remain on or about the gangway and adjacent areas so as to constitute a menace, danger, nuisance, trap and/or hazard to persons lawfully upon the premises; and,

(f)     failing to properly affix said gangway.

21.     Defendants, Norddeutsche Reederei and Norddeutsche Reederei H. Schuldt GmbH & Co. KG's negligence and conduct as described herein was a proximate cause of Plaintiff, Stephen Duczkowski's injuries.

**WHEREFORE,** Plaintiff, Stephen Duczkowski, demands judgment in his favor and against the Defendants, individually, jointly and severally, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus delay damages, interest and costs and brings this action to recover same.

### COUNT II
### STEPHEN DUCZKOWSKI v. DEFENDANTS,
### DIABLO FORTUNE INCORPORATED, SIVA SHIPS INTERNATIONAL, SIVA
### SHIPPING AND STEALTH MARITIME CORP.

22.     Plaintiff, Stephen Duczkowski, hereby incorporates each of the averments contained in the previous averments in Plaintiffs' Complaint as if fully set forth herein at

8

length.

23.    The carelessness and negligence of the Defendant, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp, by and through its agents, servants, workmen and/or employees, consisted of the following:

        (a)    operating the V8 Stealth II at an excessive speed;

        (b)    operating the V8 Stealth II so as to create a large wake;

        (c)    failing to properly train their crew in safe operation of the V. Stealth II;

        (d)    failing to properly control and maintain the V8 Stealth II.

24.    Defendants, Diablo Fortune Incorporated, Siva Ships International, Siva Shipping and Stealth Maritime Corp's negligence and conduct as described herein was the proximate cause of Plaintiff, Stephen Duczkowski's injuries.

**WHEREFORE,** Plaintiff, Stephen Duczkowski, demands judgment in his favor and against the Defendants, individually, jointly and severally, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus delay damages, interest and costs and brings this action to recover same.

### COUNT III
### TONI DUCZKOWSKI vs. ALL DEFENDANTS

25.    Plaintiff, Toni Duczkowski, hereby incorporates each of the allegations contained in the previous averments in Plaintiffs' Complaint as if fully set forth herein at length.

26.    Plaintiff, Toni Duczkowski, is the spouse of Stephen Duczkowski, and as such, has incurred expenses in the treatment of her spouse's injuries, and may in the

9

future be caused to incur additional expenses as she has in the past.

27.   As a result of the occurrence aforesaid in the injuries averred aforesaid, the Plaintiff, Toni Duczkowski, to her great damage and loss, has been deprived of the society, companionship, services and assistance of her spouse, to which she is legally entitled.

WHEREFORE, Plaintiff, Toni  Duczkowski, demands judgment in her favor and against the Defendants, individually, jointly and severally, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus delay damages, interest and costs and brings this action to recover same.

PANSINI & MEZROW

DATE: 8/25/14                    BY:     **/s/ Michael O. Pansini**
                                        **MICHAEL O. PANSINI, ESQUIRE**
                                        **Attorney for Plaintiffs**

Case ID: 14080292

COMMONWEALTH OF PENNSYLVANIA    :
                                SS

COUNTY OF PHILADELPHIA             :


       Stephen Duczkowski, being duly sworn according to law, deposes and says that he is the Plaintiff in the foregoing action, and that the facts set forth in the Civil Action Complaint are true and correct to the best of her knowledge, information and belief. I understand that statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.


DATE: 8-22-14